UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM TERRELL SHAW<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SEMIRA NEGASI, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 22-2162 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff William Terrell Shaw filed a civil complaint against Defendants Semira Negasi, Bobbie Jefferson, Matthew Turner and the Bishop of D.C. Episcopal Church, alleging unspecified violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 (ADA). For the reasons discussed in greater detail below, the Court **DISMISSES** the complaint, but grants Shaw leave to refile within 30 days an amended complaint that cures the existing deficiencies.

**I.　　Background**

On July 22, 2022, William Terrell Shaw filed a Complaint for Violation of Civil Rights by supplementing this Court's standard form with six pages of typed notes. ECF 1 at 8-13. Shaw's notes touched on a range of topics: he quoted portions of the ADA, *id.* at 6, noted that he experiences the effects of prior strokes, *id.* at 9, and expressed his frustration at the indifference of employees working at Friendship Terrace. *Id.* at 9-10. At one point, Shaw seemed to allege that employees of Friendship Terrace caused him "delays in completing forms" and ignored him in other instances of daily life, though Shaw did not name specific employees or describe how the employees delayed him. *Id.* at 9. Shaw sought damages of $5,000,000. *Id.* at 7. The same day he

1

filed his complaint, Shaw also filed a motion for service by the United States Marshalls. ECF 3. Defendants have not yet responded to Plaintiff's complaint.

## II.     Analysis

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure. Shaw's complaint fails to do so. Some of the named defendants do not appear anywhere in the complaint's narrative, and the lack of supporting factual allegations makes it impossible to determine the basis of Shaw's ADA claim. Said plainly, Shaw fails to specify *who* did *what* to him, or *how* any alleged misconduct violated the ADA. Even construing Shaw's complaint leniently, the Court cannot make out his theory of how Defendants violated the ADA or any other statute.

Shaw's complaint is therefore dismissed for failure to comply with FRCP 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but courts have done so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metropolitan Area Transit Authority*, 164 F. Supp. 3d 33, 35 (D.D.C. Feb. 5, 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL

3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court grants Shaw leave to refile within 30 days an amended complaint that cures the existing deficiencies. But if Shaw fails to file an amended complaint within that timeframe or files an amended complaint that merely recycles the complaint presently before the Court, it may be dismissed with prejudice. *See Brown*, 164 F. Supp. 3d at 35.

### III. Conclusion

Plaintiff's complaint is **DISMISSED**, but he is granted leave to refile within 30 days an amended complaint. The Court also **DENIES** Plaintiff's motion for U.S. Marshals to serve summons as moot; a separate order will follow this opinion.

**SO ORDERED.**

DATE: August 29, 2022

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Jia M. Cobb
U.S. District Court Judge